**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES ROKAKIS, | ) | CASE NO. 08 CV 1597 |
|  as TREASURER of | ) | |
|  CUYAHOGA COUNTY, OHIO | ) | |
| | ) | |
|       Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
|   vs. | ) | |
| | ) | |
| WESTERN RESERVE LEASING CO. | ) | **Memorandum of Opinion and Order** |
| | ) | |
|       Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon plaintiff's motion to remand (Doc. 6). This case arises out of defendant's alleged failure to pay county land taxes. For the reasons that follow, the motion is GRANTED.

**FACTS**

The following facts are taken from plaintiff's complaint unless otherwise stated. Only those facts necessary for resolution of the instant motion are presented.

Plaintiff James Rokakis, Treasurer of Cuyahoga County, commenced this action in the

Cuyahoga County Court of Common Pleas against defendant Western Reserve Leasing Co. for collection of delinquent taxes, assessments, penalties and interest, foreclosure and equitable relief.  The property subject to the action is located in Ohio.  Title to the premises is held by defendant.  Defendant acquired title from a Mrs. Lillian Roth in 1986.

Defendant removed to this Court pursuant to 28 U.S.C. § 1441 asserting that this Court has diversity jurisdiction.[1]  Defendant states in its notice of removal that it is a citizen of California and that the amount in controversy exceeds $75,000.

Plaintiff moves to remand this case to the Court of Common Pleas for lack of subject matter jurisdiction.  The motion is opposed.  Plaintiff did not file a reply.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1447(c), a case originally filed in a state court must be remanded if, at any time before trial, it appears that the federal district court to which it was removed lacks subject matter jurisdiction.  *Coyne ex rel. Ohio v. Am. Tobacco Co.,* 183 F.3d 488, 496-97 (6th Cir. 1999) ("in a removed action, upon determination that a federal court lacks jurisdiction, remand to state court is mandatory ...").  The determination of federal jurisdiction in a diversity case is made as of the time of removal.  *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).  The party seeking removal bears the burden of showing that proper subject matter jurisdiction exists.  *Id.* at 453-54.  "The district court must resolve all disputed questions of fact and ambiguities in the controlling ... state law in

---

[1] While defendant also originally asserted federal question jurisdiction, defendant now concedes that no such jurisdiction exists under the "well-pleaded complaint" rule.  *See., e.g., Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

2

favor of the non removing party." *Coyne*, 183 F.3d at 493 (internal quotations omitted).  "All doubts as to the propriety of removal are resolved in favor of remand."  *Id.*

### DISCUSSION

Under 28 U.S.C. § 1332, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States."  The parties do not dispute that the amount in controversy exceeds $75,000.

For the purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  A limited liability company is deemed to be a citizen of "every state of which its owners/members are citizens."  *E.g., Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  The citizenship of other artificial business entities is generally determined by reference to the citizenship of each of the artificial entities' owners, partners, or members.  *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187-192 (1990).

Defendant states that it is a sole proprietorship managed by an individual named Lillian Roth.  Defendant states that Mrs. Roth is a resident of California.  Defendant also states that "there is no independent business entity known as Western Reserve Leasing Co. in the State of Ohio."  Defendant argues that because Mrs. Roth is a citizen of California, defendant is too.

Defendant's counsel states in defendant's brief in opposition to the motion to remand that he "will be traveling to California the weekend of August 2, 2008, and will either obtain a written statement from her [Mrs. Roth] as to her residence or a notarized one, if possible.  I

3

request that the Court not consider the Motion to Remand until after counsel has had an opportunity to obtain and file this statement." However, no such affidavit or declaration has yet been filed.

While defendant argues that it is a sole proprietorship run by a California resident, there is no evidence in support of these matters. Moreover, the name of the defendant indicates that it is a corporation and in all relevant documents (including the deed conveying the land to defendant) it is referred to as such. The designation such as "Co." accompanying the name of an entity has legal significance in that it puts parties doing business with the entity on notice of what types of liability the entity is subject to. Finally, plaintiff's investigation uncovered multiple entities incorporated in Ohio under the names "Western Reserve Leasing Corp.," "Western Reserve Leasing Corporation" and "Western Reserve Leasing, Inc." Defendant has failed to show that it is not a corporation, that it is not incorporated in Ohio, that it does not have a principal place of business in Ohio, that it is a sole proprietorship, that it is owned solely by Lillian Roth and that Mrs. Roth is a citizen of California. Given the complete lack of evidence and the standard of review, defendant cannot meet its burden to show this Court possesses diversity jurisdiction over the matter.

### CONCLUSION

For the foregoing reasons, the motion to remand is GRANTED.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
United States District Judge

Dated: 8/20/08

4